Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
210931 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIDNEY NAIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>     vs.<br><br><br>MERCHANTS BANCARD NETWORK, INC. and DOES 1-10, inclusive, and each of them,<br><br>Defendants. | Case No. 3:20-cv-03527-EMC<br><br>**JOINT SUPPLEMENTAL BRIEF REGARDING SETTLEMENT AND *DIAZ* FACTORS**<br><br>Hon. Judge Edward M. Chen |

Plaintiff, Sidney Naiman ("Plaintiff"), and Defendant, Merchants Bancard Network, Inc. ("MBNI") (collectively, the "Parties"), hereby file this Joint Supplemental Brief pursuant to the Court's Order dated September 6, 2023 (Dkt. No. 43) regarding the Parties' Joint Stipulation of Dismissal (Dkt. No. 42).

## I.    INTRODUCTION

The Court asked the Parties to file this Joint Supplemental Brief regarding the individual nature of the settlement of this putative class action. Specifically, the Court asked the Parties to address the factors set forth by the Ninth Circuit Court of Appeals in *Diaz v. Trust Territory of*

*the Pacific Islands,* 876 F.2d 1401 (9th Cir. 1989). Those factors include "(1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Id.* at 1408 (citations omitted). The Parties address each of these factors in turn.

First and foremost, the case was resolved on an individual basis, not on a class-wide basis, with MBNI. The dismissal of the action will have no direct prejudicial impact on the claims of putative class members, whose claims will be dismissed without prejudice. A class has not been certified, and therefore Fed .R. Civ .P. 23(e) does not apply to the resolution of this case as to Plaintiff on an individual basis, as will be discussed in detail with case citations below.

The *Diaz* factors are not satisfied in the case at bar, as will also be discussed below in greater detail. As far as the Parties are aware, no class members have contacted Plaintiff's counsel's office regarding the claims in this action, this case was not publicized by any news outlets, and no putative class members are relying on the outcome of this case. Moreover, adequate time exists for class members to bring their own claims, as the statute of limitations is four years under the Telephone Consumer Protection Act, 47 U.S.C. § 227. Finally, there was no effort to resolve this case in a manner that furthered the interest of Plaintiff or counsel over the interests of the class. Plaintiff and his counsel strongly desired to resolve the case on a class-wide basis, but in light of the Supreme Court's decision in *Facebook, Inc. v. Duguid*, 141 S.Ct. 1163 (2021), and information obtained from MBNI in discover, it became apparent that such a resolution was extremely unlikely and that significant risks existed as to Plaintiff succeeding on the merits of his claims. The case was resolved on modest terms. The Parties are able to provide

**JOINT SUPPLEMENTAL BRIEF REGARDING**
**SETTLEMENT AND *DIAZ* FACTORS**
**-2-**

1   a copy of the Parties' settlement agreement *in camera* if the Court so orders, as its terms are

2   covered by a confidentiality provision.

3   **II.     FACTS AND LEGAL ISSUES**

4       **A.     Factual Background**

5           Plaintiff brought this action seeking damages and any other available legal or equitable

6   remedies resulting from the alleged actions of MBNI in negligently, knowingly, and/or willfully

7   contacting Plaintiff on Plaintiff's cellular telephone in violation of the TCPA and related

8   regulations. Specifically, Plaintiff alleged that beginning in or around October 2017, MBNI

9   contacted Plaintiff on Plaintiff's cellular telephone, without Plaintiff's prior express consent, in

10  an attempt to solicit Plaintiff to purchase MBNI's products or services. Plaintiff further alleged

11  that MBNI used an automatic telephone dialing system ("ATDS") and/or an artificial or

12  prerecorded voice as defined by 47 U.S.C. § 227(a)(1) to place its solicitation call to Plaintiff.

13  *See* First Amended Complaint, Dkt. No. 29, ¶¶ 8-13. MBNI denied these allegations. *See* Answer

14  to First Amended Complaint, Dkt. No. 30, ¶¶ 8-13.

15          Prior to this case being stayed pending the outcome of the *Facebook* case with the

16  Supreme Court, the Parties engaged in written discovery. Based upon the *Facebook* decision, it

17  became clear that Plaintiff would very likely be unable to prove that MBNI had used an ATDS

18  to place the one call at issue to him. The Supreme Court's decision in *Facebook* significantly

19  limited the types of dialers that would qualify as an ATDS. The Court held that "a necessary

20  feature of an autodialer under [47 U.S.C.] § 227(a)(1)(A) is the capacity to use a random or

21  sequential number generator to either store or produce phone numbers to be called." *Facebook*,

22  141 S.Ct. at 1173. This ruling abrogated the Ninth Circuit's decision in *Marks v. Crunch San*

23  *Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018). Further, unfortunately no recording existed to back

24

up Plaintiff's allegation that the call at issue was placed to him using artificial or prerecorded voice. While Plaintiff did not waiver in this belief, he recognized the difficulty which would exist in proving the merits of that claim. Finally, discovery responses from MBNI reflected its contention that the call at issue was placed to Plaintiff by an individual independent contractor who at the time was living in Pakistan, with plans to hopefully return to Texas, if COVID-19 travel restrictions permitted. This raised further questions as to whether Plaintiff would ultimately be able to prevail on the merits of his claims.

By that point, Plaintiff's counsel had incurred significant fees and costs. The Parties ultimately agreed to resolve the case for modest terms that were lower than counsels' fees and costs. It is neither the case that Plaintiff is being compensated more than he is legally entitled to if he prevailed on his claims, nor the case that counsel are being compensated more than their reasonable lodestar, and therefore, this settlement, on its face, could not be construed to be a product of collusion. Nor was this a case where there was a reasonable likelihood that a class could have benefitted from further litigation efforts by undersigned counsel, for the reasons explained above. Indeed, undersigned counsel would have strongly preferred to have litigated to a class-wide result, and would have been not only morally and ethically incentivized to do so, but financially motivated to do so as well, given the Ninth Circuit's 25% benchmark on common fund class settlements. However, such a course was simply not feasible, ultimately making class certification not the superior method of adjudication in this case.

No class members have contacted Plaintiff's counsel regarding the allegations raised in this case. To undersigned counsels' knowledge, no class members are relying on this case in order to pursue their claims. There has been no media publication regarding this case of which counsel are aware. There has been no outreach by undersigned counsel in order to notify class

1    members of this action yet. Class notice has not been disseminated. A class has not yet been

2    certified. Other than the public docket, a Google search turns up no related substantive results

3    when the case title is typed into a web browser. There have been no Law360 articles or blog posts

4    about this case based on a review of results from a similar Google search.

5          **B.**      **Fed. R. Civ. P. 23(e) Pre-Certification**

6          Based on merits issues outlined above, the Supreme Court's *Facebook* decision, and the

7    unlikelihood of success of achieving a favorable class-wide result, the Parties reached a

8    resolution.

9          Where a plaintiff voluntarily dismisses class claims without prejudice and does so prior

10   to a ruling on class certification, as is the case here, such dismissal requires neither court approval

11   nor classwide notice because the putative class is not bound by this type of dismissal. *See Hudson*

12   *v. First Transit, Inc.*, 2011 WL 3681731 (N.D. Cal.), citing *Weiss v. Regal Collections,* 385 F.3d

13   337, 349, n. 21 (3rd Cir. 2004) (recognizing that amended Rule 23 arguably supersedes prior

14   rulings of required court supervision of dismissals of class claims in the pre-certification context);

15   *Robb v. Stericycle, Inc.*, No. Civ.A.05-1370, 2005 WL 2304475, at *8-9 (W.D. La. Aug. 19,

16   2005) (noting that pre-amendment Rule 23(e) holdings as to the requirement of pre-certification

17   approval and notice relied upon a version of the rule "no longer in effect").

18         While the current version of Rule 23(e) does not require court approved notice, Plaintiff

19   now seeks the Court's approval, in conformity with the Court's Order, and as a cautionary step

20   in light of several post-2003 decisions from district courts in the Ninth Circuit that reflect a

21   continuing adherence to the pre-2003 rule of seeking approval of pre-certification settlements.

22   *See, e.g., Tombline v. Wells Fargo Bank, N.A.*, 2014 WL 5140048 (N.D. Cal. Oct. 10, 2014);

23   *Mahan v. Trex Co., Inc.*, No. 5:09-cv-00670 JF/PVT, 2010 WL 4916417, at *2-3 (N.D. Cal. Nov.

24

22, 2010); *Castro v. Zenith Acquisition Corp.*, No. C 06-04163, 2007 WL 81905, at * 1 (N.D. Cal. Jan. 9, 2007); *Singer v. Am. Airlines Fed. Credit Union*, No. C 05-04961, 2006 WL 3093759, at *2 (N.D. Cal. Oct. 30, 2006); *Mansourian v. Bd. of Regents of Univ. of Calif. at Davis*, No. CIV S-03-2591, 2007 WL 1722975, at *1 (E.D. Cal. June 12, 2007).

The *Diaz* factors are designed to analyze prejudice to unnamed class members through analysis of: (1) potential class members' "possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances"; (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations"; and (3) "any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz,* 76 F.2d at 1408.

> ### a.    Absent Class Members Have Not Relied on Plaintiff's Class Claims Against Defendants.

After a diligent search of news articles and other media, it is highly unlikely that there are any putative class members who are aware of or relied on Plaintiffs' TCPA claims based on a lack of any media coverage found. For purposes of this analysis, "[t]he danger of reliance is ... generally limited to actions that would be considered of sufficient public interest to warrant news coverage of either the public or trade-oriented variety[, and such reliance] can occur only on the part of those persons learning of the action who are sophisticated enough in the ways of the law to understand the significance of the class action allegation." *Mahan*, 2010 WL 4916417, at *3, quoting *Shelton v. Pargo, Inc.*, 582 F.2d 1298, 1315 (4th Cir. 1978).

After a diligent search, there appear to be no news articles online that have been published regarding this action. There are no blog posts, and no referral sites. Undersigned counsel did not advertise the case on their website either, or run any campaigns to find additional class members.

In addition, an examination of Plaintiff's case files reveals no communication between

Plaintiff's Counsel and any putative class members. Plaintiff's Counsel directly communicated about this litigation only with the named Plaintiff. Thus, putative class members could have any basis to rely upon Plaintiff's class allegations. Therefore, notice to the putative class is not required as they cannot claim any reliance on the instant action having not been contacted by Plaintiff's Counsel and given the lack of substantial media coverage. The decision to not further pursue claims against MBNI does not indicate any reliance on Plaintiffs' claims. The lack of collusion is amply demonstrated by the fact that neither Plaintiff nor Class Counsel will receive any compensation from Defendants in connection with the dismissal of the class claims, and further, such class members' claims are requested to be dismissed without prejudice. No other notice was given to the putative class members.

Moreover, even if a class member is relying on the existence of the Class and is monitoring the docket, he or she would have seen the Notice of Settlement as to Individual Claims Only (Dkt. No. 40)[1], and the Stipulation of Dismissal indicating the pending dismissal of class claims without prejudice. It is reasonable to infer given the circumstances that no putative class members are actively following such case. Accordingly, there is no basis upon which to conclude that there is any danger of reliance by the general public on this action, given that there has been no news coverage of the case.

///

///

///

///

---

[1] The Parties' Notice of Settlement was filed on April 15, 2021. Due to an inadvertent oversight, counsel for the Parties did not file the Stipulation of Dismissal until prompted by the Clerk's Notice of September 5, 2023 (Dkt. No. 41). The Parties and their counsel apologize to the Court for this oversight and the delay in filing the Stipulation of Dismissal.

b. **Putative Class Members' Claims Are Requested to Be Dismissed Without Prejudice.**

Rule 23(e) requires notice to class members only "where the class will be bound by the proposal." If "the proposal is to dismiss the claims without prejudice and the class is not bound by any determination, notice may not be required." *Joseph*, 2012 WL 3542189, at *4. "The notice provision is aimed at protecting the interests of nonparty class members from unfair or collusive settlements and to discourage the assertion of a class action to secure an unjust private settlement for the named plaintiffs who then dismiss the putative class claims." *Robb v. Stericycle, Inc.*, CIV.A.05-1370, 2005 WL 2304475, at *8 (W.D. La. Aug. 19, 2005).

Here, there has been no resolution on the merits that would bind Class Members, the requested dismissal is without prejudice, and no notice has yet been disseminated to the Class. Thus, "because the proposal is to dismiss the claims without prejudice," no member of the Class are bound by the proposal and class notice is not required. *Stern v. DoCircle, Inc.*, SACV 12-2005 AG (JPRx) (C.D. Cal.); *Robb*, 2005 WL 2304475, at *9 (notice "would afford no benefit or protection to the class members"). S*ee also Joseph*, 2012 WL 3542189, at *4-5 (concluding that notice was not necessary when notice was never disseminated to the class, and when there was "no determination in this matter that could serve to preclude or foreclose any of class members' claims").

c. **The Statute of Limitations for the Absent Class Members Does Not Militate in Favor of Notice.**

In *Singer v. American Airlines Federal Credit Union*, No. C 05-04961, 2006 WL 3093759 (N.D. Cal. Oct. 30, 2006), the court determined that notice was not necessary due in part to the fact that absent class members had anywhere from a one year to a four year tolled statute of limitation once the individual claims were dismissed. *Id.* at *4. "Based on the tolling of the statute

1  of limitations as to the class which occurred by virtue of the filing of plaintiff's complaint, there

2  is ample time for absent class members to commence a new action should they determine that

3  such a case had merit." *Id. See also Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974)

4  (holding that the filing of a class action tolls the statute of limitations on all individual claims

5  covered by the class action).

6      Here, the filing of Plaintiff's complaint on May 26, 2020 tolled the statute of limitations

7  for all the putative class members who received calls such as those alleged by Plaintiff before

8  May 26, 2020. Furthermore, the statute of limitations under the TCPA is four years, longer than

9  the limitations periods provided by most consumer protection and privacy laws. The statute of

10 limitations is not "rapidly approaching" for these putative class members and thus, they will

11 suffer no prejudice from the dismissal of Plaintiff's class claims without notice. It can be inferred

12 that any putative class member with an approaching statute of limitations likely did not intend to

13 pursue such claims. While the tolling of the statute of limitations during the pendency of this case

14 would have benefitted putative class members, the termination of the matter does not unfairly

15 prejudice such putative class members, especially since there is no evidence that any other class

16 members are relying on this action.

17     This factor, regarding any "fast-approaching" statute of limitations, is also of limited

18 utility for the remainder of the putative class because their precise statutes of limitations cannot

19 be determined. It is impossible to calculate the remaining time for putative class members to file

20 claims because it would require calculation based upon the date each putative member received

21 a solicitation call, using an ATDS or an artificial or prerecorded voice, without consent, to a

22 cellular phone. In this matter, although potential class members may be ascertained through

23 records available to the Parties in discovery, determining the scope of consent, whether the

24

**JOINT SUPPLEMENTAL BRIEF REGARDING**
**SETTLEMENT AND *DIAZ* FACTORS**
**-9-**

purpose of the call was solicitation, and whether each call was placed to a cellular phone would require a specialized inquiry into the factual basis of each class members' communications with Defendants.

"The commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1978).  The class claims are requested to be dismissed without prejudice, and the relevant statutes of limitations have been tolled since the Complaint was filed on May 26, 2020. Accordingly, putative class members will be in precisely the same position they were in before the case was filed. The lack of media coverage of this action strongly suggests that any putative class member who was inclined to assert his or her own individual claim would have done so already or has had ample time to pursue his or her own claims. Thus, dismissal of the class members' claims without prejudiced, without notice, would not materially disadvantage these putative class members.

> **d.    Plaintiff Has Not Made Concessions of Class Members' Interests to Further His Own Interests.**

Plaintiff's settlement does not affect the rights of putative class members such that notice is necessary. Plaintiff seeks to dismiss his individual claims with prejudice. Plaintiff seeks to dismiss the class claims are dismissed *without prejudice* and thus, absent putative class members' rights to bring TCPA claims against Defendants are not compromised by Plaintiffs' individual settlement. *See, e.g., Castro*, 2007 WL 81905, at *2. In short, the class members' interests are not being compromised for the benefit of Plaintiff.

Plaintiff and his counsel determined that due to the Supreme Court's *Facebook* decision and information obtained in discovery, there was substantial concern as to whether Plaintiff would prevail on the merits. Had those issues not existed, counsel would have continued to

litigate until a class-wide resolution result was achieved, as supported by the over 100 class actions that the Law Offices of Todd M. Friedman, P.C. has resolved on a class-wide basis to date. This was a case where the law changed and Defendants had legitimate defenses as well, both as to merits and certification issues. Moreover, the amount of the settlement was modest and not indicative of collusion.

Because there is no prejudice to putative class members, no notice to them is required. *See, e.g., Del Rio*, 2011 WL 1869881, at *3; *Lewis*, 2012 WL 2930867, at *4. However, despite the Parties' position as set forth above, counsel for Plaintiff is willing to post a notice regarding the effect of this settlement on its law firm website, if the Court deems such action necessary.

For the foregoing reasons, the Parties respectfully request the Court permit the dismissal of this case on an individual basis, with prejudice as to Plaintiff's claims only, and without prejudice as to the putative class members' claims. If the Court still has concerns, counsel for the Parties stand prepared to address those concerns upon request.

Respectfully submitted this 13th Day of September, 2023,

**LAW OFFICES OF TODD M. FRIEDMAN P.C.**

By:     /s/ Todd M. Friedman
        Attorney for Plaintiff

**KUTAK ROCK LLP**

By:     /s/ Peter N. Kessler
        Attorney for Defendant

**JOINT SUPPLEMENTAL BRIEF REGARDING
SETTLEMENT AND *DIAZ* FACTORS**

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Defendant and that I have obtained his authorization to affix his electronic signature to this document.

Dated: September 13, 2023          **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By:      /s/ Todd M. Friedman
         Attorney for Plaintiff

Filed electronically on this 13th Day of September, 2023, with:

Notification sent electronically via the Court's ECF system to:

> Honorable Judge Edward M. Chen
> United States District Court
>
> All Counsel of Record as Recorded On The Electronic Service List

This 13th Day of September, 2023.

> <u>/s/ Todd M. Friedman</u>
> Attorney for Plaintiff